### RABINOWITZ v. HAIMOWITZ.

(Supreme Court, Appellate Term. December 7, 1904.)

1. OPENING DEFAULT JUDGMENT—VIOLATION OF STIPULATION.

A default judgment will be set aside where it was taken in defendant's absence, in violation of an agreement of plaintiff's counsel on the adjournment for the day after the trial had commenced to hold the trial open the next morning until defendant's counsel could fill an engagement in another court.

Appeal from Municipal Court, Borough of Manhattan.

Action by Morris Rabinowitz against Bernard Haimowitz. From a judgment for plaintiff and an order denying a motion to open a default, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Louis B. Brodsky, for appellant.
Charles Dushkind, for respondent.

GILDERSLEEVE, J. The defendant herein appeals from the judgment, and also from an order denying his motion to open a de-

fault. His application to open the default was based upon an affidavit of merits, and also upon the affidavit made by the attorney in which the following statements are not disputed in the opposing affidavits: The case was called for trial on June 6th, and, after proceeding for some time, the court ordered an adjournment until the following day. The defendant's attorney stated at the time this adjournment was directed that he would be engaged the following morning in the Seventh District Court, and the court thereupon stated that the case would be held until defendant's attorney got through with his other engagement. On the morning of June 7th the defendant's attorney arrived at the place of trial about 11:30 a. m., and outside the courthouse met the plaintiff and his attorney, who stated that a judgment had been taken against the defendant by default. Defendant's attorney at once asked the plaintiff's attorney to open the case, and stated that he would immediately proceed with the trial, but this plaintiff's attorney declined to do. It is probable that the court, on the case being called on June 7th, failed to recollect the engagement of counsel, and the plaintiff proceeded with the testimony on his part, and obtained a judgment. Under these circumstances the interests of justice will be best subserved by granting a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.